# Vaclav Stastney
## v.
## A. Marschall et al.

*Master and Servant—Servant's Contract—Liability of Master—Evidence—Instructions.*

1. Evidence tending to support, no matter in how slight a degree, some pertinent issue in a given case, should be admitted.

2. In an action brought to recover for certain wine ordered by defendant's servant, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed June 30, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Mr. Arnold Tripp, for appellant.

When the agent is not held out by the principal, by acts or declaration, to be general in regard to the particular business, it must from necessity be construed according to its real nature and extent, and the other party must act at his peril and is bound to inquire into the nature and extent of the authority actually conferred in such case. There is no ground to contend that the principal ought to be bound by the acts of the agent beyond what he has apparently authorized, because he has not misled the confidence of the other party. Story on Agency, Sec. 133.

So when the principal has never held the agent out to the world as having a general authority, the party dealing with the agent is bound to inquire as to his authority, and if he does not inform himself, he trusts the agent, not the principal. Ruts v. Martin, 12 Ind. 306; Rice et al. v. Peninsula Club, 52 Mich. 87.

Mr. Sydney Stein, for appellees.

The law is well settled that agency may be proved by evidence of the relative situation of the parties, or of their habit

and course of dealing and intercouse, or it may be inferred from circumstances. The course of dealing may be shown, not only between the parties in interest, but as well with the public in general.

The course of dealing with the public consists of the course of dealing with the different individuals that go to make up the public. How can this be shown in any better manner than that attempted by the deposition of Spiegel, who is one of these individuals. Crain et al. v. National Bank, 114 Ill. 516; Hurd v. Marple, 10 Ill. App. 418; Mably v. Irwin, 16 Ill. App. 362.

MORAN, J. This was an action to recover the price of fifty cases of wine alleged to have been sold to appellant by the traveling salesman of appellees, and to have been delivered as ordered.

The main issue of fact related to the authority of one Bauchwitz, an employe of appellant, to order the wine in controversy. It appeared from the evidence that appellant carried on a coal business as well as the liquor business; that he spent but little of his time at the liquor store, and that Bauchwitz was engaged there as a compounder of liquors.

Myers, the salesman of appellees, testified that he called at appellant's store in October, 1887, and saw Bauchwitz and offered to sell him wine, and was told by him to call next day; that he did so and was introduced by Bauchwitz to appellant, and offered to sell him goods. Appellant asked Bauchwitz how much champagne he could use during the holidays, and after some further conversation appellant ordered some fifty cases of champagne; that Myers offered appellant some other wine, but appellant declined to give an order for other wine on that day, but told Myers to call next day, and either appellant or Bauchwitz would tell him what wines he wanted; that he called next day, and Bauchwitz ordered the sixteen barrels of wine in question, appellant not being present.

Appellant denied that he ever told Myers to call, and that he or Bauchwitz would tell him what wine he wanted, or that he ever directed him to make any inquiry of Bauchwitz on

Stastney v. Marschall.

that subject, but that when he purchased the champagne he expressly refused to purchase the wine offered, and that there was no request to call on either himself or Bauchwitz further with reference to the matter.

This was a direct issue of fact, and the verdict of the jury is conclusive upon it in favor of appellees, unless some error was committed in the trial in admitting or rejecting testimony or in instructing the jury.

It is urged that the court erred in admitting the testimony of a witness, that he had sold to appellant two bills of liquors during the year 1887, before the date of the sale by appellees, and that both said bills were ordered by Bauchwitz, and were received and paid for by appellant, and that he, the witness, had informed appellees of the fact that he had received several orders from Bauchwitz, and one amounting to $1,100, and that he saw Bauchwitz in appellant's place of business, going over books and papers, putting up goods and giving instructions to employes, etc.   It is contended that this evidence was not admissible for the reason that Bauchwitz might have had special instructions from appellant as to these sales. That is true, but if he had such special instructions, it was for appellant to make that proof.   The evidence was competent as tending to show that Bauchwitz had general authority to purchase or order goods for appellant.   If it would be competent to show a general course of dealing, or in other words, a holding out of Bauchwitz as having such authority, it could only be done by showing a number of instances where he had made the purchases or given the orders in the absence of appellant and the acquiescence of appellant in what he had done, by receiving and paying for the goods ordered.

If several instances would be competent to show that Bauchwitz exercised such authority, each one of said instances would be competent for the same purpose.   "As respects the liability of the principal to third persons for the acts and contracts of the agent, it is the apparent authority which controls."   Mechem on Agency, Sec. 707.

The evidence objected to tended to show this apparent authority.   Whether it was sufficient to show it is not the question.

The admissibility of evidence does not depend on its weight, but upon its tendency to support in no matter how slight a degree, some pertinent issue in the case. There was no error in admitting the evidence. Complaint is made that the court did not give a certain instruction for defendant. The instruction contained only the hypothesis that Bauchwitz had no authority from appellant to purchase the wines, and without such authority gave the order, and instructs the jury that if they so find no recovery could be had against appellant for said wines.

The instruction ignores the evidence of Myers, that appellant told him to call and that he or Bauchwitz would tell him what wine he wanted. If that was true, and Myers called and Bauchwitz gave him the order, appellant would be estopped to deny that Bauchwitz had authority, though in fact he may have given Bauchwitz no authority or direction to order the wine. The court would have erred if the instruction had been given.

There was no error of law against appellant on the trial, and the verdict settled all questions of fact.

The judgment must be affirmed.

*Judgment affirmed.*